UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JEFFREY A. NUNEZ**       **D.O.C. # 252583** | **DOCKET NO. 2:24-cv-157**       **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CALCASIEU CORRECETIONAL CENTER, ET AL** | **MAGISTRATE JUDGE LEBLANC** |
| *Consolidated with* | |
| **JEFFREY A. NUNEZ**       **D.O.C. # 252583** | **DOCKET NO. 2:24-cv-334**       **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SHERIFFS OFFICE CALCASIEU PARISH, ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## **MEMORANDUM ORDER**

Before the Court are the original and amended civil rights complaints [docs. 1, 5, 10, 11], filed pursuant to 42 U.S.C. § 1983, in Civil Action No. 24-157, and the original and amended complaints [docs. 1, 7] filed pursuant to 42 U.S.C. § 1983, in Civil Action No. 24-334 by plaintiff Jeffrey A. Nunez, who is proceeding pro se and in forma pauperis in this matter. Per this Court's Order (doc. 12), these matters were consolidated and are proceeding under Civil Action 24-157. Nunez is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana ("RBDC"). He names as defendants the following: Calcasieu Correctional Center (CCC), River Bend Detention Center, East Baton Rouge Correctional Center, Warden Hedgeman, CCC Warden,

Calcasieu Parish Sheriff Stitch Guillory, Sheriff's Office East Carroll Parish, Sheriff's Office East Baton Rouge Parish, Sheriff's Office Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

# I.
## BACKGROUND

Plaintiff contends that on January 27, 2023, he was transferred from CCC to RBDC. All allegations raised in this suit occurred at RBDC.

Plaintiff's main complaint is that he has been subjected to high levels of second-hand smoke at RBDC. Doc. 5, p. 3. He contends that despite the facility being listed as a non-smoking one, they are selling tobacco and smoking papers in the commissary. Doc. 5, p. 4. He complains that despite filing grievances, nothing has been done to enforce the non-smoking policy.

Plaintiff also alleges that on February 7, 2024, a lieutenant called him a snitch in front of several inmates and, as a result, plaintiff has had to relinquish his trustee status due to other inmates making threats against him for "telling on a cool guard who will bring them items from outside of jail such as smokes, food, etc." *Id*. at p. 6.

In later filed Amended Complaint, plaintiff adds additional claims related to his conditions of confinement at RBDC: (1) notary only available once a month; (2) no indigent supplies for inmates- stamps, writing materials, envelopes; (3) inmates are required to pay for phone calls to public defender; (4) denied access to past grievances; (5) denied grievance numbers; and (6) no response to grievances. Doc. 11.

# II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Nunez has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. Section 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. To hold the defendant liable, a plaintiff must allege facts showing (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine

Case 2:24-cv-00157-JDC-TPL   Document 17   Filed 12/20/24   Page 4 of 7 PageID #: 93

the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

(1) the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date(s) that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

### D. Improper Defendants

#### a. Calcasieu Correctional Center (CCC), River Bend Detention Center, East Baton Rouge Correctional Center

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Calcasieu Parish Correctional Center, East Baton Rouge Correctional Center, and River Bend Detention Center have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). In

-4-

other words, the State of Louisiana has not granted juridical status to the Calcasieu Parish Correctional Center, East Baton Rouge Correctional Center, or River Bend Detention Center.

Further, in Louisiana, a jail is not an entity "legally empowered to do" anything independent of either parish officials or the parish sheriff. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Because a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute and case law define that term." *Douglas*, 567 F. Supp. 2d at 892; see Fed. R. Civ. P. 17(b). As long recognized by this Court, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Par. Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) (dismissing the jail as an improper defendant); see *also Kerr v. Orleans Par. Sheriff's Off. Prison*, No. 15-0746, 2015 U.S. Dist. LEXIS 104530, 2015 WL 4755174, at *1 (E.D. La. Aug. 10, 2015).

### b. *Calcasieu Parish, East Carroll Parish and East Baton Rouge Parish Sheriffs Offices*

The above-named Sheriff's Offices are not proper parties or legal entities capable of suing or being sued under § 1983. Under Fed. R. Civ. P. 17(b), Louisiana law governs whether a sheriff's office has the capacity to sue or be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't,* 350 So.2d 236 (La. App. 3d Cir. 1977). The parish sheriff's offices in Louisiana are not legal entities capable of suing or being sued. *Porche v. St. Tammany Par. Sheriff's Off.,* 67 F. Supp. 2d 631, 635 (E.D. La. Oct. 5, 1999) (citing *Liberty Mut. Ins. Co.,* 350 So.2d at 238; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 965 (M.D. La. Sept. 13, 1988).

Accordingly, the Calcasieu Parish, East Carroll Parish and East Baton Rouge Parish Sheriff's Offices are not juridical entities or persons capable of being sued.

### c. *Supervisory Officials*

Plaintiff has named CCC Warden, Warden Hedgeman and Calcasieu Parish Sheriff Guillory in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), cert. denied, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), cert. denied, 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

With respect to the claims involving plaintiff's exposure to second-hand smoke, he should amend to allege facts to demonstrate that each Warden and Sheriff Guillory affirmatively participated in acts that caused constitutional deprivations or that each has implemented unconstitutional policies that causally resulted in plaintiff's injuries.

With respect to the allegation that prison officials have called him a snitch in front of other inmates, thereby causing a threat to his health and safety, plaintiff has made no allegations of personal involvement or the implementation of unconstitutional policies by CCC Warden, Hedgeman and/or Guillory. Neither the Wardens nor the Sheriff can be held vicariously liable for

the actions of their employees. *See Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995).

## IV.
### CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims and/or defendants that plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall name individual defendants and precisely state what each named defendant did to violate plaintiff's constitutional rights. <u>The amended complaint should be either typewritten or in legible, neat handwriting.</u>

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

**THUS DONE AND SIGNED** in chambers this 20th day of December, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE