UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JEFFREY A. NUNEZ**         **DOCKET NO. 2:24-cv-157**
    **D.O.C. # 252583**                  **SECTION P**

**VERSUS**                   **JUDGE JAMES D. CAIN, JR.**

**CALCASIEU CORRECETIONAL**  **MAGISTRATE JUDGE LEBLANC**
**CENTER, ET AL**

*Consolidated with*

**JEFFREY A. NUNEZ**         **DOCKET NO. 2:24-cv-334**
    **D.O.C. # 252583**                  **SECTION P**

**VERSUS**                   **JUDGE JAMES D. CAIN, JR.**

**SHERIFFS OFFICE CALCASIEU** **MAGISTRATE JUDGE LEBLANC**
**PARISH, ET AL**

### MEMORANDUM ORDER

Before the court is a Motion to Certify Class filed in Civil Action No. 24-334 (doc. 10) and in Civil Action No. 24-157 (doc. 9) and Motion to Appoint Counsel filed in Civil Action 24-334 (doc. 13), filed by plaintiff Jeffrey A. Nunez. For the reasons below, Plaintiff's motions are **DENIED**.

**I.**
**BACKGROUND**

Plaintiff has filed a *pro se* civil rights complaint alleging constitutional violations at Riverbend Detention Center. Plaintiff seeks to bring this action on behalf of himself and other inmates at Riverbend Detention Center.

## II.
### LAW AND ANALYSIS

**A. Motion to Certify Class**

"[T]he class action device exists primarily, if not solely, to achieve a measure of judicial economy, which benefits the parties as well as the entire judicial system. It preserves the resources of both the courts and the parties by permitting issues affecting all class members to be litigated in an efficient, expedited, and manageable fashion." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 410 (5th Cir. 1998). To obtain class certification under Rule 23(a) of the Federal Rules of Civil Procedure, Plaintiff must satisfy the following requirements: "(1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." *Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997) (quoting Fed. R. Civ. P. 23(a)). Additionally, Plaintiff must show that the action is maintainable pursuant to Rule 23(b)(1), (2) or (3). *Id*.

Requests for class certification by a prisoner acting pro se are generally denied because the prisoner cannot "fairly and adequately protect the interests of the class." See Fed. R. Civ. P. 23(a)(4); *Ali v. Immigration and Customs Enforcement*, No. 1:16-CV-037, 2017 U.S. Dist. LEXIS 30604, 2017 WL 881102, at (N.D. Tex. Feb. 2, 2017) (denying motion to certify class filed by an immigration detainee proceeding pro se because he failed to show "he could fairly and adequately protect the interests of a purported class of other [immigration] detainees"). Because Plaintiff fails to show that he can properly serve as a representative party in a class action, his motion to proceed as a class action is denied.

### B. Motion to Appoint Counsel

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only <u>request</u> that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), *citing Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Further, plaintiff has not shown himself to be unable to represent his own legal interests. *See Lozano v. Schubert*, 41 F.4th 485, 492-493 (5th Cir. 2022); *Brown v. Tarrant County, Texas,* 985 F.3d 489, 499 (5th Cir. 2021). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### III.
### CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion to Certify Class filed in Civil Action No. 24-334 (doc. 10) and in Civil Action No. 24-157 (doc. 9) and Motion to Appoint Counsel filed in Civil Action 24-334 (doc. 13) are **DENIED**.

THUS DONE AND SIGNED in chambers this 23rd day of January, 2025.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE